## WILLIAM ELLIS Adm'r. of RACHEL PRICHARD *vs.* MOSES CULVER.

Replevin will not lie by the part owner of a chattel for his undivided share.
If the narr contains a sufficient cause of action with matter not actionable, it will be intended after verdict that damages were given only for the actionable part; and this though there be but one count.

REPLEVIN. Narr. Pleas, non cepit and property. Replications and issues.

The declaration contained but one count, which was for taking sundry goods of plff., to wit: beds and furniture; table; chest; hogs; sheep; cow; colt and *one-third of four and a half stacks of fodder.*

The plff. had a verdict for $91 50, the value of the property claimed; whereupon, *Frame* moved in arrest of judgment.

*Frame* for deft. This is an action of replevin. The plea is *non cepit.* The property claimed is *(inter alia,)* one-third of four and a half stacks of fodder. Replevin will not lie for the part of an undivided chattel. This action is for the *taking* a chattel; for a wrong to the possession. It goes for a restoration of the chattel in specie: to recover the lost possession. It follows from the nature of the remedy that it cannot lie for an undivided part of a chattel, for specific possession cannot be had of such a share; nor can any delivery of it be made. The sheriff is commanded to deliver possession of the thing; he cannot divide it, for his functions are ministerial merely, and not judicial; neither can he deliver the whole, for that would be a wrong to another. No judgment therefore can be rendered on this verdict.

*Layton* for plff. The deft. should have demurred if this objection be good. But it is not good. He has pleaded *property,* as well as *non cepit.* By this plea the parties agree what property is intended. We do not go for a return, but for damages on account of the taking and detention. Detinue is the only action wherein the specific chattel can be recovered. 2 *Saund;* 1 *Chitty* 162. After verdict judgment shall not be arrested for error in the form of action. 8 *D. L.* 48.

*Frame* in reply. We do not object to the uncertainty of the description of the property, but that the action is brought for a species of property that cannot be recovered in this form of action.

Cur. adv. vult. (a)

The Court at the April term following *refused* to arrest the judgment. .                                          Judgment for plff.
*Layton,* for plff. *Frame,* for deft.

(a) In actions *ex delicto,* if a party who ought to be joined, be omitted, the objection can only be taken by plea in abatement, or by apportionment of damages at the trial: and deft. cannot as in actions *ex contractu* give in evidence the non-joinder as a ground of nonsuit on the plea of the general issue, or demur, or move in arrest of judgment or support a writ of error, though the non-joinder appear on the face of the declaration. 1 *Ch. Pl.* 57. *note* 2. But in an action of replevin brought by one part owner of a

## NEGRO BEN. JONES *vs.* EDWARD WOOTTEN.

The issue of manumitted slaves born *after* the manumission but *before* the period of its taking full effect were slaves for life before the act of 1810.

That act not to have a retroactive effect, though declaratory in its terms.

It is not competent to the Legislature to *declare* what the law has been, or is; that belongs to the courts.

Statutes are to be construed consistently with the fundamental principles of justice; and the court will not give an interpretation which takes away vested rights if the act is susceptible of any othet; nor will the court *infer* an intention of making an act retrospective

The issue follows the condition of the mother.

PETITION for freedom.

The mother of the petitioner was a slave, and by the will of her master, dated 12 May 1797, was manumitted in these words: "I give to my daughter Betsy my negro girl Rhoda until she arrives to the age of 30 years, then to have her freedom from slavery." The petitioner was born in 1805, before the mother attained the age of 30 years.

Mr *Thos. Robinson*, for petitioner, cited the act of 1810. *Dig*.409.

*Bayard*, for respondent. The common law of the State recognizes slavery: it is a condition existing among us previous to any statutory provisions. The presumption is that negroes are slaves,

chattel after verdict for plff., the judgment was arrested. Cites *Hart* vs. *Fitzgerald*. 2 *Mass. Rep.* 589.

Replevin—2 counts. 1. for A's undivided right in 450 spruce logs. 2nd. for the undivided half of 450 spruce logs. Deft. avows the taking and that the logs were the property of A., B. and C. as tenants in common, and that he had attached B's right or ¼. Verd. for plff. Judgment arrested. *Parsons* Ch. Jus. In contracts where one sues where the contract was with two, the deft. may take advantage of it on the general issue without pleading it; *a fortiori* if it appears from the plff's. own shewing. In tort for injury to a chattel where there are several joint owners and one sues it cannot be taken advantage of on the general issue, but must be pleaded in abatement even if it appears on the plff's. own shewing, for defts. may waive it. 6 *Term. R.* 766. Here the writ claims an undivided moiety. In trespass or case *damages* are given. In replevin the chattel is to be delivered as well as damages recovered. This chattel is not capable of severance and the whole or none must be delivered. If the whole, he gets a part in which he claims no property. There is no case where a part owner has brought replevin for his undivided part only. There is a strong distinction between trespass where damages are sought, and replevin where possession is claimed. Judgment arrested.

9 *Mass. R.* 427. *Gardner* vs. *Dutch.* Replevin for 76 bags of coffee shipped and stored with other bags, none being marked or numbered. A receipt had been given for 76 bags, weighing 8991 lbs. They were not marked or separated from the other bags. Verdict for plff. *Per. Cur.* If the plff. was tenant in common with W. and R, he could not maintain replevin for his undivided share. But he was not a tenant in common. He might have had the number of bags and quantity of coffee though the bags were not marked.

It appears therefore that replevin will not lie by the part owner of an undivided chattel; and, although not pleaded in abatement, advantage may

and until the act of 1797, the law recognized no means of emancipating them from slavery. The mother of this boy was a slave. Her offspring follows that condition. She was a slave at his birth and continued so until she attained 30 years, when by the operation of the will she became free. What was she in the mean time? Her natural condition was slavery; this condition was altered only by the will and not by that until a certain time. In the mean time she was a slave and her issue slaves. The right to the issue is the same with the right to the labor of the slave. Upon what principle therefore will a manumission to take effect at a future day, destroy the right to the issue in the mean time, any more than to the services of the mother in the mean time. Does the act of 1810 vary this. It is said to be declaratory. No legislature has, in this country, a right to pass a declaratory law. It may be in England, but under our written constitutions it must be different. We have distinct branches—Legislative, Judicial and Executive. The legislature may pass laws but

be taken of it on motion in arrest of judgment, where the defect appears on record. *Sed quere* if a count in a narr contains a sufficient cause of action connected with matter not actionable if it will not be intended, after verdict, that the damages were given only for the part that is actionable and the judgment will not be arrested.

*Gould.* 195. A declaration, though only of a single count, may be good as to part and ill for the residue; and, if the whole be demurred to, the plff. may have judgment for the part good.

In slander where any of the words are actionable judgment will not be arrested though the other words are not. It will be intended that the damages were given for the actionable words. *Cro. Eliz.* 328, 788; *Archb. Pl.* 196; 1 *Chitty Pl.* 384; 2 *Saund.* 171. *a.* After verdict the court will intend that damages were only given for the actionable part of the declaration. This was an action for *cutting a canal* through the plff.'s. land and *overflowing the same by leaks,* &c. and *stopping water courses.* The *cutting* was authorized by law. General damages were given and the verdict was sustained. There was only one count in the narr. 2 *Johns. R.* 283, *Steele* vs. *Western Lock Navigation Comp.*

With respect to actions of tort such as trespass *quare clausum,* or for taking goods, trover, case for malfeasance, or misfeasance and such like actions of *tort,* it seems fully and clearly established that if *one* only of two or more joint-tenants, parceners, tenants in common, partners, executors, assignors of bankrupt and others who regularly ought to join, bring any *such* actions, the deft. must plead the omission in abatement and cannot give it in evidence on the general issue, or in any other way, or by pleading in bar or in arrest of judgment or though the matter be found specially or appear on the face of the declaration or any other pleading of the plff. 1 *Saund. R.* 426 [219, *b.* 291. *a. n.* 4.] 6 *T. R.* 766, *Addison* vs. *Overends.*

If divers considerations be mentioned in one assumpsit and one is void and the others good, and damages given *ratione premissorum,* it shall be intended damages were given only for those that are good. 1 *Ld. R.* 146, 239.

In a single count with two allegations of damage, one actionable and the other not, the court will intend that damages were given for the actionable part. 2 *Johns.* 286-7.

Courts of justice will not encourage a man to lay by and take advantage of the mistakes of his adversary after verdict, when the same result would have taken place at an earlier stage. 2 *Johns.* 571; *Cro. Jac.* 664; 2 *Strange* 1094; 1 *Salk.* 129, 364; 1 *Days Cases in error* 30.