# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| AMANDA KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU6-18-001015 |
| | ) | |
| JASON KNIPE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 29, 2022
Decided:  July 22, 2022

Bruce A. Rogers, Esquire
Bruce A. Roger, P.A.
12 S. Front Street
Georgetown, DE 19947
*Attorney for Plaintiff*

Jason Knipe
Defendant
*Pro Se*

## DECISION AFTER TRIAL

Amanda Kelley ("Plaintiff") brought this action against Jason Knipe ("Defendant"), through her legal counsel, demanding the return of Plaintiff's property under a Writ of Replevin. Plaintiff asserts all requests to Defendant to return property has gone unanswered. The Court held a trial on April 29, 2022 and reserved its decision.

The Court heard testimony from Plaintiff who presented a four-page list of items she asserts belong to her and should be returned or the Court assign a price or value.[1] The list includes Christmas ornaments; Cuto Kitchen shears; various platters, plates and flatware items within the Southern Living Collection; a firearm purchased by Plaintiff's father for Plaintiff's son (registered

---

[1] Plaintiff's Exhibit No. 1

in Plaintiff's father's name); various photographs of the Plaintiff and Defendant's shared child and Plaintiff's children from a prior relationship; benches and a mirror; a tall decorative vase; an electric guitar; toy/children's items from the Little Pet Shop Collection; a mason jar with $650; a Golden Yoga frog; original artwork by Plaintiff's children; beer accoutrements from the Dogfish Collection; a hand-blown glass oil lamp from Jamestown, NY; children's clothing for quilt-making; various holiday decorations; a 2000 Chevrolet Blazer; video recordings from camcorder, phone and computer of children; monetary amount of a time-share buyout; an American Girl Doll and Horse; a vintage Golden Book collection; a Front Porch Classic Dread Pirate game; and Elsa (toy) coin bank; a Noisy Nora Book; Sophie the Giraffe; Corduroy Donkey costume; Noah's Ark Elephant costume; Burlington Baby Giraffe couture coat; Winnie the Pooh cribbing; various dance recital costumes; any and all of Plaintiff's clothing/shoes; Cloud B Sleep Sheep, Monkey and Giraffe; and all court costs associated with Plaintiff's attempt to retrieve her belongings from the Defendant. While many of the items listed were deemed "priceless," Plaintiff seeks either the return of all the property listed or $13,140.82.

Jason Knipe testified on his own behalf and submitted documentation to support both his denial of Plaintiff's claim and his counterclaim.[2] Defendant asserts Plaintiff refused to make appropriate arrangements where she would be supervised to retrieve her property and Plaintiff's monetary claim is deceptive. Defendant seeks $5,280 for property left by Plaintiff. $4,560 for the Chevrolet Blazer left on his property, $1,250 for legal fees regarding access to the property from his child custody attorney and $2,000 for damages to his home by the Plaintiff's minor children for a total of $13,090.

---

[2] Defendant's Exhibits Number 1 – 11.

# FACTUAL BACKGROUND

After hearing testimony at trial, the Court finds the relevant facts to be as follows:

Plaintiff and defendant maintained a romantic relationship between 2008 and 2016. They resided at a residence owned by Defendant starting in 2009 with their blended family including Plaintiff's two children from a previous marriage and a daughter they shared who was born in 2011. Plaintiff and Defendant never married and with some romantic relationships, passions cooled leaving a bitter and acrimonious split on or about September 2016. Plaintiff left the residence in the middle of the night taking only clothes for work and some other personal clothing. Plaintiff contacted Defendant to obtain her personal property and she was given access to retrieve certain items on multiple occassions. After leaving the residence, Plaintiff kept her key to Defendant's residence for two to three weeks up through October 2016. Defendant demanded the key be returned, however all three of Plaintiff's children continued to stay with Defendant for visits. On or about October 2016, the State Police responded to a call to Defendant's home and advised Plaintiff not to enter the home without Defendant's permission. Due to no marital relationship, the Family Court of Delaware did not exercise jurisdiction over division of property. Plaintiff and Defendant held 50-50 custody. Plaintiff retrieved items from the property on or about October 2016 including large pieces of furniture from a shed on Defendant's property and well as bags of clothes. Plaintiff also maintained a storage unit in a separate location at this time.

Plaintiff asserts either she bought the items listed in her complaint or they were gifts to her and/or her children from Defendant. Plaintiff's father bought a firearm for her son that is registered to her father and kept for son until he is of age. Plaintiff and her father held title to a 2000 Chevrolet Blazer that was driven infrequently by Plaintiff before being left on Defendant's property after it

3

became inoperable. Defendant left personal items in the vehicle for Plaintiff who retrieved them. After contacting Plaintiff, Defendant had the vehicle towed on or about January 2017 at his own expense to Donovan's Salvage. Neither Plaintiff or her father claimed the vehicle and it was destroyed after $5,000 in storage fees were held on the vehicle.[3] Plaintiff and Defendant entered into a time-share agreement where Plaintiff paid the initial fee of $2,000 on her credit/debit card. On September 24, 2015, via certified mail, Plaintiff and Defendant wrote the company cancelling the contract.[4] The company responded back and refunded the monies paid on Plaintiff's debit card.[5] In his Counterclaim, Defendant asserts Plaintiff's children damaged his home (which occurred years earlier) and he was forced to house Plaintiff's items on his property and in turn requested storage fees. Defendant offered no proof of damage to his home, Plaintiff entering his property with her older children while Defendant is not present and taking items or why he should be paid for items left on his property.

As to items in Plaintiff's complaint she asserts she bought, Plaintiff provided no receipts showing purchase. Plaintiff asserts Defendant's current live-in girlfriend was selling her clothes on eBay, however Plaintiff provided no evidence of these transactions. Plaintiff asserts many items were gifts to her or her children from Plaintiff and/or Defendant. As late as May 2, 2017, the parties were still in heated debate over items and how they could be retrieved or who owned the items.[6] Plaintiff sought a contempt order for child support arrears claiming Defendant failed to pay for unreimbursed medical expenses for their minor child.[7] The Court noted in its order denying the petition that Plaintiff requested monies for items that were not unreimbursed medical expenses and

---

[3] Defendant's Exhibits 2 and 3.
[4] Defendant's Exhibit 4.
[5] *Id.*
[6] Defendant's Exhibit 11.
[7] Defendant's Exhibit 8.

expenses for Plaintiff's two other children.[8] The dispute between Plaintiff and Defendant stems from an inability to agree on which items belong to whom, whether the items still exist and a method and time for retrieving items.

## PROCEDURAL HISTORY

Plaintiff's Attorney filed a Complaint for Writ of Replevin on June 20, 2018. Plaintiff sought judgment in the amount of $16,519.62 or the return of all personal property listed in Exhibit "A" together with costs and interest in this action. On September 4, 2018, Defendant filed an Answer denying Plaintiff's claims citing Plaintiff either does not own the property, has refused to pick up the property, already has the property in her possession or otherwise has refused to deal with the issue. In addition, Defendant asserts the claimed values of the property are not realistic and likely exaggerated to move this matter out of the Justice of the Peace Court. In addition to the Answer, Defendant filed a Counterclaim requesting storage fees for the personal property, the vehicle, attorney's fees where Defendant sought advice from his custody attorney and damages to his home by Plaintiff's children for an amount of $13,090. On September 18, 2018, Plaintiff filed an answer to Defendant's Counterclaim denying the Defendant's claim.

On January 17, 2019, the Court held a pre-trial conference where the parties agreed to mediate the matter. The Court continued the pre-trial conference pending the outcome of the mediation. On January 24, 2019, Mediation Officer Joann Personti received the Mediation referral. The Mediation consisted of two phases: phase one included an agreement for the Plaintiff to retrieve items being held on Defendant's property that was completed on March 5, 2019 and some property was returned to Plaintiff; phase two held on April 5, 2019 resulted in the parties not being able to come to an agreement as to ownership of remaining items at the residence and the

_____

[8] *Id.*

5

Defendant's Counterclaim. On May 20, 2019 the Court scheduled a pre-trial conference for June 27, 2019. On May 22, 2019, Plaintiff requested a continuance, and the Court granted the motion. On June 24, 2019, the Court scheduled a pre-trial conference for August 15, 2019. On July 10, 2019, Plaintiff requested a continuance, and the Court granted the motion. On July 15, 2019, the Court scheduled a pre-trial conference for September 5, 2019. On July 18, 2019, Plaintiff filed for a continuance and the Court granted the motion. On September 13, 2019, the Court scheduled a pre-trial conference for November 7, 2019. On October 25, 2019, Plaintiff requested a continuance, and the Court granted the motion. On October 30, 2019, the Court scheduled a pre-trial conference for December 12, 2019 where all parties were present and a pre-trial order was issued. On July 23, 2021, the Court scheduled a trial for September 10, 2021.

On September 10, 2021, all parties were in attendance and Plaintiff made an on-the-record motion that the Court no longer held jurisdiction as the amount sought by Plaintiff, after the return of some of the items in mediation, was now within the Justice of the Peace Court's $25,000 limit on such matters.[9] Plaintiff now sought $13,140.82. The Court instructed Plaintiff to file a written Motion to Transfer. On October 6, 2021, Plaintiff filed a Motion to Transfer and Defendant made an on-the-record argument denying Plaintiff's Motion to Transfer. On December 3, 2021, the Court issued a denial of the Motion to Transfer. The Court held a trial on April 29, 2022.

## PARTIES CONTENTIONS

Plaintiff asserts personal items, either purchased by her or gifted to her by Defendant, are being held by Defendant on his property and he has continually failed to return the items or provide access to his property. Plaintiff designated amounts for certain items and deemed others priceless,

---

[9] The Justice of the Peace Court's civil jurisdiction limited changed over one year prior from $15,000 to $25,000.

however, requested the Court designate an appropriate amount. Defendant asserts either he does not have the items requested or they are not solely owned by Plaintiff or owned by Plaintiff at all. Defendant asserts Plaintiff had up to three weeks after leaving the premises to retrieve any personal items and after that she could have arranged to come while Defendant was present to retrieve items. Defendant refuses to allow Plaintiff carte blanche access to his residence unsupervised. Defendant believes he is entitled to storage fees for the inordinate length of time items were left on his property, including the automobile that he had towed to a salvage yard that was ultimately scrapped.

## **STANDARD OF REVIEW**

The Court is the trier of facts and has the sole discretion to determine the credibility of the witnesses and any evidence provided.[10] If there is conflicting evidence presented at trial, the Court has to reconcile these conflicts – if reasonably possible – in order to find congruity.[11] However, if the Court is unable to find such congruity, the Court must determine which portions of the testimony deserve more weight.[12] Any portion of the testimony which the Court finds unsuitable for consideration must be disregarded.[13] The Court considers "the witnesses' demeanor, or the fairness and descriptiveness of their testimony, their ability to personally witness or know the facts about which they testify, and any biases or interests they may have concerning the nature of the case."[14]

---

[10] *Leep v. Weline*, 2018 WL 301089, *5 (Del. Com. Pl. Jan. 3, 2018).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

7

## DISCUSSION

In civil claims, the party asserting the claim bears the burden of proving each and every element of the claim by a preponderance of the evidence.[15] The side of the greater weight of the evidence is found is the side on which the preponderance of the evidence lies.[16] If the evidence is in even balance, then the party bearing the burden of proving a fact by a preponderance of the evidence has failed to satisfy the burden.[17]

Replevin is an action by which a plaintiff seeks recovery of personal property that has been wrongfully taken or withheld from the owner.[18] A replevin plaintiff must demonstrate, by a preponderance of the evidence, that he has a right to immediate possession of the property.[19] It is a long-standing rule that a replevin action cannot stand when brought by the chattel's joint owner.[20]

### Writ of Replevin

The first issue pending before the Court is whether Plaintiff is entitled to a Writ of Replevin. Plaintiff listed some items that each would value at about $2,000 or more. First, there is the Southern Living Collection that includes all kinds of serving dishes/platters, lanterns, and other household decorations. Plaintiff also listed the 2000 Chevrolet Blazer and a time-share buyout. The Court finds the Plaintiff has failed to meet her burden as she provided no proof by a preponderance of the evidence, she either bought these items or could not have retrieved them during the time-period prior to instituting litigation. Defendant provided evidence a refund that was issued from the time-share company that had originally been charged to Plaintiff's debit

---

[15] *Sullo v. Kousournas*, 2010 WL 718666, at *6 (Del. Super. Feb. 3, 2010).
[16] *Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967).
[17] *Fletcher v. Shahan*, 2002 WL 499883, at *3 (Del. Super. March 6, 2002).
[18] *Jarvis v. Elliot*, 2010 WL 761089, at * 4 (Del. Ch. Mar. 5, 2010).
[19] *Fred H. Jensen & Sons, Inc. v. Coverdale*, 2001 WL 660103, *2 (Del. Super. Apr. 27, 2001).
[20] See *Ellis v. Culver*, 1 Del. 76 (Del. Super. 1832); *Fell v. Taylor*, 45 A. 716 (Del. Super. 1900).

card.[21] Plaintiff testified they Chevrolet Blazer was inoperable and therefore made no effort to retrieve it yet asks this Court to provide the Blue Book value in place of the truck. Defendant contacted a towing company to remove it from his property and Plaintiff is listed on the invoice as the owner (she testified she share ownership with her father).[22] As to the home collection, no receipts were entered into evidence to show proof of purchase. As to the firearm registered to Plaintiff's father, the Court finds as she is not the rightful owner, she cannot seek replevin as to this item.

The remaining items fall into various categories: home goods, decorations for holidays, costumes for the minor child, toys for the minor child, family photos including the sonogram for minor child, keepsakes, a guitar, children's artwork, gifts to the children, Dogfish Brewing Company items. Plaintiff offers no evidence she purchased these items. In addition, the Court finds any item belonging to their shared child could easily belong to either parent. Plaintiff asserts the Defendant has no right to any pictures of her older children as he is not their father. The Court notes the children continued to visit and stay with Defendant at his home after the dissolution of the romantic relationship between Plaintiff and Defendant. Clearly, Plaintiff's children maintained a familial relationship with Defendant.

Plaintiff waited two years to file this claim for items she felt were solely hers by way of purchase or gifting. Yet, Plaintiff provided no documentation except her estimated value for used items. The Court notes this is not the first time Plaintiff has filed a claim for monies from Defendant absent substantiation.[23] Plaintiff fails to show by a preponderance of the evidence

---

[21] Defendant's Exhibit Number 4.
[22] Defendant's Exhibit Number 2.
[23] Defendant's Exhibit Number 8.

Defendant retains items in his custody or control. Plaintiff asserts Defendant's girlfriend sold her clothes on "eBay," yet there proffered no documentation of the alleged screen shots.

**Counterclaim**

The second issue pending before the Court is Defendant's Counterclaim. Compulsory counterclaims shall be brought if the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction.[24] Defendant argues he is entitled to storage fees for keeping Plaintiff's personal items on his property including the Chevrolet Blazer. In addition, Defendant requests this Court grant his request for monies for damage done to his home by Plaintiff's older children and attorney's fees for his advice sought in this matter for attorney who represents him in custody matters.

The Court finds Defendant fails to meet his burden by a preponderance of the evidence he is entitled to any compensation for storage. The Court notes these items were previously housed at Defendant's property, during the relationship with Plaintiff. The Court finds very little evidence there was any added financial burden. As to attorney fees, Defendant represents himself in this matter and if he chose to obtain legal advice from an attorney who represents him on other matters that is a cost he chose to bear. Finally, as to damage to the inside of his home by Plaintiff's children, the Court notes this clearly occurred during the course of the relationship with Plaintiff and Defendant failed to provide any substantiating documentation of any damage. The Court will not make a finding for compensation that appears purely retaliatory in nature.

---

[24] Court of Common Pleas Rule 13(a).

Clearly, Plaintiff and Defendant's relationship remains acrimonious years after their relationship ended. The parties failed to complete a very simple task – to come to some type of agreement to divide items that either revolve around the child or the home. The Court notes this illustrates the degree of acrimony between Plaintiff and Defendant.

## CONCLUSION

For the reasons set forth in this Opinion, **IT IS SO ORDERED** this 22nd day of July 2022 the Court finds, by a preponderance of evidence that Plaintiff provided insufficient evidence she either solely owns the items attached to her Complaint, or that she purchased the items she now seeks and is entitled to a Writ of Replevin. Similarly, the Court finds, by a preponderance of the evidence that Defendant provided insufficient evidence he is entitled to storage fees, attorney's fees and damages to his home and is entitled to compensation.

The Honorable Rae M. Mims
Judge

Cc:    Shelly Swafford, Judicial Case Manager Supervisor